965 So.2d 435 (2007)
Cabrina SPEARS
v.
RYAN'S STEAKHOUSE.
No. 2006 CA 0999.
Court of Appeal of Louisiana, First Circuit.
June 8, 2007.
*436 Clarence T. Nalls, Jr., Baton Rouge, Counsel for Plaintiff/Appellant Cabrina Spears.
Pierre M. Legrand, Karen G. Arena, Metairie, Counsel for Defendant/Appellee Ryan's Family Steakhouse.
Before: KUHN, GAIDRY, and WELCH, JJ.
GAIDRY, J.
In this workers' compensation case, plaintiff, Cabrina Spears, appeals a judgment dismissing her claim for workers' compensation benefits and denying her claims for mental injury, past due medical benefits, and penalties and attorney fees. We affirm.

FACTS AND PROCEDURAL HISTORY
Cabrina Spears filed a Disputed Claim for Compensation on July 14, 2004, claiming that she was injured in an on-the-job accident at Ryan's Steakhouse ("Ryan's"). Specifically, Spears alleges that on March 22, 2004, while she was walking to the kitchen at Ryan's carrying a tray of dirty dishes, she fell and hit her back and head on the floor.
After a hearing, the workers' compensation judge (WCJ) concluded that Spears had failed to meet her burden of proving a compensable work-related accident and injury and dismissed her claim with prejudice. The WCJ gave extensive reasons for this finding, but the gist was that the WCJ did not find Spears's testimony to be credible. Spears' testimony as to the circumstances of the accident was internally inconsistent, as well as in conflict with other witnesses' accounts. The medical records in evidence reveal some additional conflicts with Spears' version of events, and one doctor testified that he suspected secondary gain.
This appeal by Spears followed. Ryan's answered the appeal, arguing that the WCJ erred in failing to assess all court costs to Spears.

DISCUSSION
In Spears' first assignment of error, she argues that the WCJ erred in impeaching her testimony pursuant to an erroneously-dated document from North Oaks Hospital. The document she refers to was a record of an emergency room visit dated June 24, 2004 which stated that Spears came to the emergency room complaining of chest, back, and knee pain since a fall two weeks prior. It is noteworthy that Spears' trial testimony about the accident at Ryan's does not include any mention of an injury to her knee, and she *437 did not mention any knee pain prior to June 24, 2004 when seeking medical treatment for her injuries. The June 24, 2004 emergency room record also contains a notation that this was not a work-related accident. Spears argues that the emergency room record must have contained an error, because the accident at Ryan's occurred two months prior to the emergency room visit, not two weeks prior, and it was error for the WCJ to impeach her based on this document. In reviewing the WCJ's reasons for judgment, however, it is clear that there is no merit to Spears' argument. The WCJ specifically noted that she considered the possibility that the records contained a typographical error as to the date of the accident, since the description of the accident sounds similar to the accident she describes having at Ryan's; however, the WCJ ultimately concluded, based on the complaint of knee pain, the accident date noted, and the notation of a non-work-related accident, that this June 24, 2004 emergency room visit was related to a separate, new incident and not the alleged accident at Ryan's. We find no error in this conclusion and note that the date on the emergency room record was far from being the sole factor affecting the WCJ's opinion of Spears' credibility.
Spears' next assignment of error is that the WCJ erred in basing the denial of benefits on the fact that Spears did not exhibit any physical discomfort during the hearing. Spears argues that she was wearing a TENS unit during the hearing to help manage the pain and that the testimony of several of her doctors corroborates her injuries. This mention of Spears' apparent lack of discomfort when sitting for a long time was simply an observation made by the WCJ when explaining why it found Spears' testimony incredible. A court, as trier of fact, is entitled to make credibility calls based upon its observation of the witness's demeanor; this comment about Spears' lack of discomfort was simply such an observation. This assignment of error has no merit.
Spears' third assignment of error is based upon the WCJ's allowance of the testimony of Ryan's general manager Jody Gary, after he remained in court in spite of a sequestration order. Louisiana Code of Evidence article 615 governing exclusion of witnesses provides that a when a party is not a natural person, its representative may not be excluded pursuant to a sequestration order. Mr. Gary was listed as a witness on Ryan's pretrial statement. His testimony was not a surprise to Spears. The trial court did not abuse its discretion in finding that Mr. Gary was a company representative not subject to the sequestration order and in allowing him to testify.
Spears' final two assignments of error concern the fact that Ryan's paid some of Spears' medical bills but did not pay workers' compensation benefits. She alleges that Ryan's acted arbitrarily and capriciously in doing so and that it was error for the WCJ to find that no workrelated injury existed, when she had testified that she suffered injuries from a work-related accident and Ryan's had paid some of her medical bills. Louisiana Revised Statutes 23:1204 expressly provides that "[n]either the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter." The statute is clear that Ryan's is not estopped by its voluntary payment of medical bills from challenging the occurrence of a work-related accident. These assignments of error have no merit.

Costs
In its answer to Spears' appeal, Ryan's argues that the WCJ erred in failing to assess all costs to Spears under La. *438 R.S. 23:1310.9 or 1317(B). Louisiana Revised Statutes 23:1310.9 provides that if the WCJ determines that workers' compensation proceedings have not been brought on a reasonable ground, it shall assess the total cost of the proceedings to the party who has brought them. Additionally, La. R.S. 23:1317(B) provides that costs may be awarded by the workers' compensation judge, in his discretion. The WCJ did not find that the proceedings were not brought on a reasonable ground; she found that Spears failed to carry her burden of proof that a work-related accident occurred. We find no abuse of discretion in the division of costs between the parties, and therefore we deny Ryan's answer to the appeal.

DECREE
The judgment dismissing Cabrina Spears' workers' compensation claims with prejudice is affirmed. Costs of this appeal are to be shared equally by Spears and Ryan's.
AFFIRMED; ANSWER TO APPEAL DENIED.